In re Ron SMITH

In re Main Place Custom Homes, Inc.

No. 06–0107, 06–0108.

Supreme Court of Texas.

May 5, 2006.

R. Brent Cooper, Diana L. Faust, Heather Jean Reynolds Johnson, Cooper & Scully, P.C., Dallas, for Relator.

Mark S. McQuality, Cheryl C. Turner, Bragg, Chumlea, McQuality & Smithers, Dallas, Gregory Stuart Love, Timothy G. Chovanec, Law Offices of Timothy G. Cho-

vanec, P.C., Fort Worth, for Real Party In Interest.

PER CURIAM.

Judgment debtors Ron Smith and Main Place Custom Homes, Inc. filed motions seeking review of the trial court's order setting aside their cash deposits in lieu of supersedeas bond to suspend enforcement of the trial court's judgment and sustaining the judgment creditors' challenge to their net worth affidavits. We treat the motions as petitions for writ of mandamus and conditionally grant in part and deny in part the relief sought.

Texas law provides that when a judgment is for money, the amount of security required to suspend enforcement of the judgment pending appeal may not exceed the lesser of: (1) fifty percent of the judgment debtor's net worth; or (2) twenty-five million dollars. TEX. CIV. PRAC. & REM. CODE § 52.006(b); TEX. R. APP. P. 24.2(a)(1). Under Texas Rule of Appellate Procedure 24.2(c)(1), a judgment debtor who provides a bond, deposit, or security based upon its net worth "must simultaneously file an affidavit that states complete, detailed information concerning the debtor's assets and liabilities from which net worth can be ascertained." A judgment creditor may challenge the debtor's affidavits, and the trial court must hear the judgment creditor's challenge promptly after reasonable discovery concerning the judgment debtor's net worth is complete. TEX. R. APP. P. 24.2(c)(2)—(3). Following the hearing, "[t]he trial court must issue an order that states the debtor's net worth and states with particularity the factual basis for that determination." TEX. R. APP. P. 24.2(c)(3).[1]

Richard and Ginger Honaker obtained a judgment against Smith and Main Place in the total amount of $800,820.44, plus post-judgment interest. Smith and Main Place filed notices of appeal in September of 2004 with the Second Court of Appeals. In March of 2005, the Honakers began conducting post-judgment discovery in an effort to enforce the judgment. The parties then entered into protracted negotiations over the date for Smith's deposition. On June 14, 2005, two days before the agreed upon date for Smith's deposition, Smith and Main Place filed cash deposits in lieu of bond in the amount of $10.00 each and net worth affidavits to supersede enforcement of the trial court's judgment and to stay post-judgment discovery. In the affidavits, Smith averred that his net worth was negative $167,206.00 and that Main Place's net worth was $0.00.

The Honakers immediately filed a contest to the affidavits of net worth and moved the trial court to set aside the cash

---

**1.** Texas Rule of Appellate Procedure 24.2(c)(1)—(c)(3) states:

(c) *Determination of Net Worth.*
(1) Judgment Debtor's Affidavit Required; Contents; Prima Facie Evidence. A judgment debtor who provides a bond, deposit, or security under (a)(2) in an amount based on the debtor's net worth must simultaneously file an affidavit that states the debtor's net worth and states complete, detailed information concerning the debtor's assets and liabilities from which net worth can be ascertained. The affidavit is prima facie evidence of the debtor's net worth.

(2) Contest; Discovery. A judgment creditor may file a contest to the debtor's affidavit of net worth. The contest need not be sworn. The creditor may conduct reasonable discovery concerning the judgment debtor's net worth.
(3) Hearing; Burden of Proof; Findings. The trial court must hear a judgment creditor's contest promptly after any discovery has been completed. The judgment debtor has the burden of proving net worth. The trial court must issue an order that states the debtor's net worth and states with particularity the factual basis for that determination.

deposits in lieu of bond. They also filed a motion for sanctions and to compel discovery responses in aid of the judgment. The Honakers contended that the net worth affidavits were "manipulative and false" and that Smith's affidavit testimony that Main Place had no assets was not verifiable without discovery. Nevertheless, the Honakers claimed that they had obtained sufficient information through discovery to establish that Smith's closely held corporation, R.A. Smith & Company, Inc. (an entity not named in the Honakers' lawsuit), was Smith's alter ego. Therefore, the Honakers argued, all of that company's assets should be included in the calculation of Smith's net worth.

The trial court held hearings on the Honakers' motions in August of 2005. On October 14, 2005, the trial court issued two separate orders which Smith and Main Place challenge here. In the first order, the trial court sustained the Honakers' contest. The trial court found that the net worth affidavits were insufficient to adequately describe Smith's and Main Place's net worth. The trial court also found that the affidavits were designed to mislead the court and work an injustice on the Honakers by inappropriately staying execution and post-judgment discovery efforts. Without stating the basis for its calculation, the trial court found that Smith's net worth as of June 14, 2005 was $1,142,951; however, the court did not determine Main Place's net worth. The trial court further ordered that any future attempts by Smith and Main Place to stay enforcement of the judgment or post-judgment discovery must be approved in advance and must comply with the finding that R.A. Smith & Company, Inc. is Smith's alter ego. In the second order, the trial court reiterated its alter ego finding, granted the Honakers' motion to compel, ordered Smith and Main Place to respond to the Honakers' discovery requests, and sanctioned Smith $11,275 for expenses, plus attorney's fees.

As Texas Rule of Appellate Procedure 24.4 permits, Smith and Main Place filed a motion with the court of appeals seeking review of the trial court's order setting aside their cash deposits in lieu of bond and determining Smith's net worth. They subsequently filed a separate appeal of the discovery order.

Smith and Main Place also filed a motion for additional findings of fact and conclusions of law with the trial court. In that motion, Main Place requested that the trial court state Main Place's net worth and the factual basis for that determination. Smith requested that the trial court state with particularity the factual basis for the determination that he had a net worth of $1,142,951. Smith also requested additional findings to support the trial court's determination that R.A. Smith & Company, Inc. was his alter ego.

On January 5, 2006, the court of appeals issued an order denying Smith and Main Place's Rule 24.4 motion. One justice dissented, arguing that the trial court improperly based its determination of Smith's net worth on its finding that R.A. Smith & Company, Inc. was Smith's alter ego. *Main Place Custom Homes, Inc., v. Honaker,* 192 S.W.3d 604, No. 02–04–275–CV (Tex.App.—Fort Worth March 23, 2006, dissent to corrected order denying appellants' "Texas Appellate Rule 24.4 Motion") (Gardner, J., dissenting).

The trial court subsequently denied Smith and Main Place's request for additional findings of fact and conclusions of law on the grounds that the request was moot because the court of appeals denied their Rule 24.4 motion.

Smith and Main Place then sought review from this Court by filing motions pursuant to Rule 24.4. The Honakers

challenge this Court's jurisdiction to hear the motions. In response, Smith and Main Place argue that Rule 24.4 provides a basis for this Court to assert jurisdiction over the motions, but request in the alternative that we treat the motions as petitions for writ of mandamus. We treat the motions as petitions for writ of mandamus and conditionally grant in part and deny in part the petitions. *See Isern v. Ninth Court of Appeals,* 925 S.W.2d 604 (Tex. 1996) (orig.proceeding) (reviewing by mandamus a trial court's order permitting the judgment debtor to post alternate security to supersede execution of the judgment).

■ When a judgment creditor files a contest to the judgment debtor's affidavit of net worth, the trial court must hold a hearing and "issue an order that states the debtor's net worth and states with particularity the factual basis for that determination." TEX. R. APP. P. 24.2(c)(3). The trial court abused its discretion here because it failed to state with particularity the factual basis for its determination that Smith's net worth was $1,142,951. The trial court did not make any findings that would permit a reviewing court to ascertain the basis for that determination. Further, the trial court found that R.A. Smith & Company, Inc. was Smith's alter ego without stating the factual or legal basis for that conclusion.

■ Smith argues that the trial court abused its discretion by basing the determination that he had a net worth of $1,142,951 on the alter ego finding. He argues that the Honakers were foreclosed from raising that theory post-judgment and presented legally and factually insuffi-

cient evidence to support it. Because we conclude that the trial court must enter additional findings to support its alter ego determination, and because post-judgment discovery is still ongoing,[2] we reserve judgment on whether the trial court abused its discretion in determining that R.A. Smith & Company, Inc. is Smith's alter ego for purposes of Rule 24.2(c).[3]

■ However, as to Smith's argument that the trial court abused its discretion by considering the alter ego theory in the post-judgment net worth proceeding, we disagree. Because "[a]lter ego applies when there is such unity between corporation and individual that the separateness of the corporation has ceased," *Castleberry v. Branscum,* 721 S.W.2d 270, 272 (Tex.1986), an alter ego finding is relevant to the determination of the judgment debtor's net worth. Therefore, the trial court did not abuse its discretion by considering the alter ego theory in determining Smith's net worth pursuant to Rule 24.

■ Although the trial court did not abuse its discretion by considering the alter ego theory, that does not mean that the trial court's alter ego finding may be used to hold R.A. Smith & Company, Inc. or any other nonparty liable for the judgment. A judgment may not be amended to include an alter ego that was not named in the suit. *Matthews Const. Co., Inc. v. Rosen,* 796 S.W.2d 692, 693 (Tex.1990). Therefore, an alter ego finding in a post-judgment net worth proceeding may not be used to enforce the judgment against the unnamed alter ego or any other non-judgment debtor, but only to determine

---

**2.** We stayed enforcement of the judgment pending review of this matter but declined to stay post-judgment discovery.

**3.** As we recently stated, factual sufficiency has been the sole domain of the intermediate ap-

pellate courts in Texas since 1891. *City of Keller v. Wilson,* 168 S.W.3d 802, 822 (Tex. 2005). Therefore, we could not conduct a factual sufficiency review of the evidence even if we were inclined to do so.

the judgment debtor's net worth for the purposes of Rule 24.

■■■ In addition to the failure to make adequate fact findings supporting its determination of Smith's net worth, the trial court failed to determine Main Place's net worth as required by Rule 24.2(c)(3). Even though the Honakers did not complete discovery concerning Smith's and Main Place's net worth before the hearing, under Rule 24.2(c)(3) "[t]he trial court must hear a judgment creditor's contest promptly after any discovery has been completed." Rule 24.2(c)(3) clearly provides that after the hearing the trial court must issue an order that states the judgment debtor's net worth. To the extent that a judgment debtor is uncooperative with reasonable discovery concerning the judgment debtor's net worth, the trial court may take appropriate steps (e.g. compel responses, issue sanctions, etc.) to ensure that discovery is completed before the hearing on the judgment creditor's contest. *See Arndt v. Farris,* 633 S.W.2d 497 (Tex.1982) (trial court had jurisdiction to enter sanctions order for failure to comply with post-judgment discovery requests).

■ Smith and Main Place also argue that the trial court abused its discretion by compelling responses to the Honakers' post-judgment enforcement discovery requests because the Honakers were foreclosed by Texas Rule of Civil Procedure 621a from seeking responses to the requests after Smith and Main Place superseded the judgment by filing affidavits of net worth and cash deposits in lieu of bond. We disagree. Smith and Main Place refused to answer much of the written post-judgment enforcement discovery even though it was relevant to determining what assets were available to satisfy the judgment. Further, the parties had been engaged in post-judgment enforcement discovery for several months, and it was not until the eve of Smith's deposition that Smith and Main Place filed their cash deposits in lieu of bond and affidavits of net worth to supersede enforcement of the judgment. The trial court's conclusion that Smith and Main Place were attempting to avoid answering post-judgment enforcement discovery by filing the cash deposits in lieu of bond and affidavits of net worth was reasonable. In addition, Rule 24.2(c)(2) allows the judgment creditor to conduct reasonable discovery concerning the judgment debtor's net worth. The discovery in question sought information regarding assets owned by Smith and Main Place; therefore, the discovery was reasonably calculated to lead to information relevant to the net worth proceeding. In these circumstances, the trial court did not abuse its discretion by ordering Smith and Main Place to respond to the discovery requests.

■■■ We decline Smith's and Main Place's requests to review the discovery sanctions order in this proceeding. A sanctions order is appealable when the judgment is signed. *Arndt,* 633 S.W.2d at 500. Smith and Main Place filed a separate appeal of the trial court's sanctions order; accordingly, they have an adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding). In addition, Rule 24.4 does not provide a basis for reviewing a discovery sanctions order.

Finally, Smith and Main Place argue that the court of appeals erred in not conducting a legal and factual sufficiency analysis of the trial court's net worth determination. We agree that the court of appeals should have conducted a legal and factual sufficiency analysis of the trial court's net worth determination, but the trial court's failure to make the required findings prevented the court of appeals

from conducting the necessary sufficiency review. We trust that if it is called upon to do so again, the court of appeals will review the trial court's net worth determinations for legal and factual sufficiency. *See City of Keller v. Wilson,* 168 S.W.3d 802, 822 (Tex.2005) (discussing standards for legal sufficiency review); *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986) (discussing standards for factual sufficiency review); *cf. Beaumont Bank v. Buller,* 806 S.W.2d 223, 226 (Tex.1991) (noting court of appeals should have reviewed turnover order under an abuse of discretion standard instead of reversing on the ground that there was "no evidence" to support issuance of the order).

We hold that the trial court abused its discretion by issuing an order that did not state with particularity the factual basis for its determination of Smith's net worth and that did not state Main Place's net worth as required by Rule 24. Accordingly, without hearing oral argument, we conditionally grant the writ and direct the trial court to enter additional findings as to Smith's net worth and the determination that R.A. Smith & Company, Inc. is Smith's alter ego. TEX. R. APP. P. 52.8(c). We further direct the trial court to determine Main Place's net worth and to issue an order that states with particularity the factual basis for that determination. All other relief is denied. We are confident that the trial court will comply, and our writ will issue only if the trial court fails to do so.