Petition for Writ of Prohibition
Denied and Memorandum Opinion filed February 4, 2010.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00093-CV

____________

 

IN RE MARION H. TINDALL, Individually and d/b/a
COTTAGE SCHOOL SYSTEM, INC. and COTTAGE SCHOOL SYSTEM, INC., Relators

 

 

 



ORIGINAL PROCEEDING

WRIT OF PROHIBITION

 

 

 



M E M O R
A N D U M   O P I N I O N

            On February 3, 2010, relators, Marion H. Tindall,
Individually and d/b/a Cottage School System, Inc. and Cottage School System,
Inc, filed a petition for writ of prohibition in this court. See
Tex. Gov’t Code Ann. § 22.221 (Vernon 2004); see also Tex. R. App. P.
52. In the petition, relators asked this court to issue a writ to prevent the
trial court from considering the real party in interest’s motion to enforce the
judgment and to compel post-judgment discovery in the underlying case, styled Hibbs-Hallmark
& Company v. Marion H. Tindall, Individually and d/b/a Cottage
School System, Inc. and Cottage School System, Inc., in trial court cause
number 2006-10417 in the 125th District Court in Harris County. Relators
also filed an emergency motion for temporary relief, seeking a stay of the
hearing scheduled February 8, 2010, pending our decision on the petition. See
Tex. R. App. P. 52.10.

            An appeal from the final judgment in the underlying case is
currently pending under this court’s case number 14-09-00163-CV. The judgment
awarded the following: $9,698 in damages, $17,500 for attorney’s fees,
pre-judgment interest at the rate of 5% from August 20, 2004, post-judgment
interest from November 20, 2008, and costs of court. Appellants filed a cash
bond to supersede the judgment in the amount of $13,000. Texas Rule of
Appellate Procedure 24.2 requires that the amount of security for a money
judgment must equal the sum of compensatory damages, interest for the estimated
duration of the appeal and costs. See also Tex. Civ. Prac & Rem.
Code § 52.006(a). The real party in interest, Hibbs-Hallmark & Company,
asserted in its motion to enforce that appellants’ security is inadequate. 

A writ of prohibition is used to protect the subject matter of an appeal
or to prohibit an unlawful interference with enforcement of a superior court's
order and judgments. Sivley v. Sivley, 972 S.W.2d 850, 863-64 (Tex. App.--Tyler
1998, orig. proceeding). The writ is designed to operate like an injunction
issued by a superior court to control, limit, or prevent action in a court of
inferior jurisdiction. Holloway v. Fifth Court of Appeals, 767 S.W.2d
680, 682 (Tex. 1989). The same principles control both a writ of prohibition
and writ of mandamus when used to correct the unlawful assumption of
jurisdiction by an inferior court. Tilton v. Marshall, 925 S.W.2d 672,
676 n. 4 (Tex. 1996).

.           A trial court may not enter an order that interferes with our
jurisdiction after an appeal has been perfected. See Bridas Corp. v. Unocal
Corp., 16 S.W.3d 887, 889 (Tex. App.—Houston [14th Dist.] 2000, pet. dism’d
w.o.j.) (holding that trial court possessed jurisdiction to issue
anti-injunction relief following perfection of appeal because the trial court’s
order did not undermine or interfere with appellate court jurisdiction or
modify the final judgment). The trial court’s action on the pending motion will
not moot our appeal or otherwise destroy or interfere with our jurisdiction
over the appeal. 

In addition, the trial court retains jurisdiction to enforce
its judgment and to rule on post-judgment discovery as long as the judgment
has not been superseded. Tex. R. Civ. P. 621a. The trial court may
determine if the amount of security is sufficient to supersede the judgment,
and relators may seek review of the trial court’s ruling concerning the amount
of security required by filing a motion in the appeal. See In re Smith,
192 S.W.3d 564 (Tex. 2006) (reviewing trial court orders setting aside cash
deposits in lieu of supersedeas bond); Tex. R. App. P. 24.4.

            Relators have not established that they are entitled to extraordinary
relief.  Accordingly, we deny relators’ petition for writ of prohibition and
emergency motion for temporary relief. 

 

                                                                        PER
CURIAM

 

 

 

 

Panel
consists of Chief Justice Hedges and Justices Anderson and Christopher.