**Order filed March 3, 2011.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-11-00125-CV**

_____

**TEXAS STANDARD OIL & GAS, L.P., GRIMES ENERGY CO., AND PETROVAL, INC, Appellants**

**V.**

**FRANKEL OFFSHORE ENERGY, INC. AND FRANKEL RESOURCES LLC, Appellee**

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2008-55176**

## ORDER

Appellants Texas Standard Oil & Gas, L.P., Grimes Energy Co., and Petroval, Inc. filed a motion for review of the trial court's order signed February 9, 2011 determining the amount of security required for them to suspend enforcement of the court's judgment pending appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 52.006(d) and Tex. R. App. P. 24.4. The primary issue in dispute is whether section 52.006 of the Civil Practice and Remedies Code requires appellants to secure the amount of disgorgement damages

awarded in the court's judgment. We conclude appellants are not required to post a bond for the amount of disgorgement damages, but the record is insufficient for this court to determine the required amount of security. We therefore remand to the trial court for this determination.

## Background

The underlying dispute between individuals and entities in the oil and gas industry concerns a participation agreement and a settlement agreement between the parties. At trial, a jury found that appellants fraudulently induced appellee to enter into a settlement agreement. Based on that finding, the trial court ordered the agreement rescinded. On the participation agreement, the jury found that both parties breached the agreement, but that appellee breached the agreement first, and appellants' breach was excused. The court ordered that both parties take nothing on the breach of the participation agreement. Finally, the jury found that appellants breached fiduciary duties owed to appellee, but did not award any damages proximately caused by those breaches. Appellee, however, requested the equitable remedy of disgorgement, which the trial court granted. The court found that appellee should recover in the form of equitable disgorgement $1,359,643.55 from Grimes Energy Co., $1,970,959.73 from Petroval, and $679,571.78 from Texas Standard Oil.

Appellants filed a post-judgment motion asking the trial court to determine whether the amounts awarded as disgorgement were compensatory or punitive in nature, or a combination of both. The court determined the disgorgement award was punitive in nature, and required appellants to post a bond equal to the amounts awarded in order to supersede execution of the judgment on appeal.

In this court, appellants filed a motion seeking a reduction in the amount of bond on the grounds that the court erred in requiring security equal to the amount of an award determined not to be compensatory.

## Standard of Review

We review a trial court's ruling setting post-judgment security under an abuse-of-discretion standard. *See Ramco Oil & Gas Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d

905, 909–10 (Tex. App.—Houston [14th Dist.] 2005, no pet.). The trial court abuses its discretion if the evidence is legally or factually insufficient to support its findings. *See In re Smith*, 192 S.W.3d 568, 570 (Tex. 2006) (orig. proceeding); *Ramco*, 171 S.W.3d at 910.

## Analysis

The amount of security required to supersede a money judgment is fixed at an amount "equal [to] the sum of: (1) the amount of compensatory damages awarded in the judgment; (2) interest for the estimated duration of the appeal; and (3) costs awarded in the judgment." Tex. Civ. Prac. & Rem. Code Ann. § 52.006(a); *see also* Tex. R. App. P. 24.2(a)(1). Appellants argue that because the court categorized the disgorgement award as punitive rather than compensatory, the court was not authorized to set a bond in the amount of the disgorgement damages.

The main purpose of forfeiture, or disgorgement, is not to compensate an injured principal, but to protect relationships of trust by discouraging agents' disloyalty. *Burrow v. Arce*, 997 S.W.2d 229, 238 (Tex. 1999). Disgorgement is not mainly compensatory, nor is it mainly punitive. *Id.* at 240. It is a matter within the trial court's discretion to determine the nature of the disgorgement damages. *See ERI Consulting Engineers, Inc. v. Swinnea*, 318 S.W.3d 867, 874–75 (Tex. 2010).

In this case, appellants specifically requested that the trial court categorize the disgorgement damages as either compensatory, punitive, or a combination of both. The trial court determined the damages were not compensatory, and appellee has not challenged that finding. Therefore, the disgorgement damages are not "compensatory damages awarded in the judgment" under section 52.006(a)(1) of the Texas Civil Practice and Remedies Code.

## Conclusion

The trial court abused its discretion in determining the amount of security is equal to the amount of disgorgement damages. In setting security for appeal, section 52.006 permits the court to consider interest for the estimated duration of the appeal; and costs awarded in the judgment. On this record, there is insufficient evidence for this court to

determine the required amount of security. Therefore, we remand this issue to the trial court to determine the appropriate amount of security under section 52.006 and Rule 24.4.


PER CURIAM


Panel consists of Justices Anderson, Seymore, and McCally.