**Petition for Writ of Mandamus Denied and Memorandum Opinion filed April 10, 2012.**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-12-00280-CV
_____

### IN RE UNIVERSITY GENERAL HOSPITAL, LP, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-77474**

## M E M O R A N D U M   O P I N I O N

On March 26, 2012, relator University General Hospital, LP filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In its petition, relator complains that respondent, the Honorable Brent Gamble, presiding judge of the 270th District Court of Harris County, has compelled unreasonable post-judgment discovery outside of the court's jurisdiction.

On October 11, 2011, the trial court signed a judgment against relator for $1,046,000, and against relator jointly with another defendant for $1,808,005, plus interest and attorney's fees, for a total judgment of over $3 million. Relator has filed an appeal, which is currently pending before this court. *See University General Hospital LP and Ascension Physician Solutions, LLC v. Prexus Health Consultants, LLC and Prexus*

*Health, LLC,* No. 14-11-00988-CV (Tex. App.—Houston [14th Dist.]). Relator's CFO filed an affidavit stating that appellant has a negative net worth. *See* Tex. R. App. P. 24.2 (requiring security to equal judgment amount, not to exceed "50 percent of the judgment debtor's current net worth"). Relator states that it has superseded the judgment by filing a cash deposit in the amount of $1. The judgment debtors, Prexus Health Consultants, LLC, and Prexus Health, LLC ("Prexus"), filed a contest to the net worth affidavit. *See* Tex. R. App. P. 24.2(c) (providing that a judgment creditor may file a contest to the net worth affidavit and conduct "reasonable discovery" on the debtor's net worth). Prexus also propounded discovery concerning relator's net worth, including a "reverse merger" transaction that occurred shortly before trial. A hearing on the net worth contest was held on December 9, 2011, before the discovery was answered. On December 16, 2011, the trial court signed an order denying the contest and determining that relator has a negative net worth, as stated in its affidavit. Relator then asserted that Prexus's discovery was improper because the judgment has been superseded, and it objected to Prexus's requests for production and interrogatories on relevance and overbreadth grounds. Prexus moved to compel discovery, arguing that relator had "not complied with its net worth discovery obligations." Prexus also pointed out that a ruling on net worth should be made "after any discovery has been completed," as set out in Texas Rule of Appellate Procedure 24.2(c)(3). After a hearing, the trial court partially granted Prexus's motion to compel discovery, and on March 9, 2012, the court signed an order requiring responses to specifically enumerated requests for production and interrogatories.

Relator then filed this proceeding. Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). The heavy burden of establishing an abuse of discretion is on the party resisting discovery. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003). It is also relator's burden to provide this court with a record sufficient to establish

its right to relief.[1]   *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k), 52.7(a).

In its mandamus petition, relator first asserts that the trial court lacked jurisdiction to issue its March 9, 2012 order compelling discovery.   Texas Rule of Appellate Procedure 24 governs the procedures for suspension of enforcement of a judgment pending appeal and provides that the trial court has jurisdiction, even after its plenary power expires, to "(1) order the amount and type of security and decide the sufficiency of sureties; and (2) if circumstances change, modify the amount or type of security required to continue the suspension of a judgment's execution."   Tex. R. App. P. 24.3(a).   The rule also provides that a creditor may conduct "reasonable discovery concerning the judgment debtor's net worth." Tex. R. App. P. 24.2(c)(2); *see also* Tex. R. Civ. P. 621a (addressing the trial court's power to supervise post-judgment discovery).   Discovery had not been completed when the trial court made its initial net worth determination.   Accordingly, the court retained jurisdiction to rule on the discovery requests and had discretion to reconsider its initial net worth determination.   We conclude that the court had jurisdiction to compel discovery concerning relator's net worth, and the trial court's March 9, 2012 order is not void.

Relator argues that if the court had jurisdiction, Prexus is entitled only to "reasonable" discovery of relator's net worth, and the ordered discovery must be limited to its "current assets minus current liabilities."   Net worth is calculated as the difference between the party's total assets and total liabilities, as determined by generally accepted accounting principles ("GAAP").   *See Enviropower LLC v. Bear, Stearns & Co., Inc.*, 265 S.W.3d 1, 5 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); *Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 915 (Tex. App.—Houston [14th Dist.] 2005) (order).

---

[1]   Relator has not provided records from the hearings conducted on December 9, 2011, or March 9, 2011. Nor has relator certified that no evidence was adduced at the hearings.   *See* Tex. R. App. P. 52.7(a)(2).

Discovery concerning net worth to determine the security required to suspend enforcement of a judgment is not so limited, however. Discovery related to an alter ego finding is relevant to the determination of the judgment debtor's worth. *See In re Smith*, 192 S.W.3d 564, 568 (Tex. 2006). In *Smith,* the Texas Supreme Court held that the trial court did not abuse its discretion in a post-judgment net worth proceeding by considering a non-party corporation's net worth under an alter ego theory despite the cash deposits in lieu of bond filed by the judgment debtors. *Id.* at 568-69. In addition, evidence of a fraudulent transfer may be relevant to a debtor's net worth determination. *See G.M. Houser, Inc. v. Rodgers,* 204 S.W.3d 836, 844-46 (Tex. App.—Dallas 2006, no pet.) (evaluating evidentiary support for trial court's finding of fraudulent transfers on review of net worth determination).

Relator objected globally to the discovery propounded by Prexus. A party resisting discovery cannot simply make conclusory allegations that the requested discovery is unduly burdensome. *In re Alford Chevrolet-Geo,* 997 S.W.2d 173, 181 (Tex. 1999). Relator has not provided specific analysis, other than its general conclusions, in its petition to demonstrate that the requests for production and interrogatories should have been more narrowly tailored. *See In re Hernandez,* No. 14-11-00408-CV, 2011 WL 4600706, at *2 (Tex. App.—Houston [14th Dist.] Oct. 6, 2011, orig. proceeding) (mem. op.) (denying mandamus relief where petition did not contain argument, analysis and authority on all discovery requests at issue). Therefore, we conclude that relator has not established that the trial court abused its discretion in compelling discovery as set out in its March 9, 2011, order.

Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Jamison and McCally.