In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00385-CV**
_____

**GEORGE EARL DANNER, Appellant**

**V.**

**KATHRYN M. DANNER, Appellee**

**On Appeal from the 418th District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-03-04143-CV**

**ORDER**

On December 14, 2018, Appellant, George Earl Danner, filed a net worth affidavit and a supersedeas bond in the amount of $443,000.00. The trial court reviewed the net worth affidavit in an evidentiary hearing. *See* Tex. R. App. P. 24.2(c)(3). On January 10, 2019, the trial court signed an order that denied Appellant's motion to reduce the amount of the bond, found that the evidence presented by Appellant "not to be credible and, therefore, to be insufficient to justify

1

a reduction in the amount of the bond that he stipulated and agreed to on October 31, 2018." On January 27, 2019, Appellant filed a motion to review the trial court's order of January 10, 2019. Appellant asks this Court to stay execution on the judgment pending our resolution of his motion.

When a judgment debtor provides a bond in an amount based on his net worth, the judgment creditor may contest the debtor's claimed net worth. *See* Tex. R. App. P. 24.2(c)(1), (2). The judgment debtor has the burden of proving his net worth. *See* Tex. R. App. P. 24.2(c)(3). "The trial court must issue an order that states the debtor's net worth and states with particularity the factual basis for that determination." *Id.* The trial court must make factual findings of the judgment debtor's net worth and must make findings that will permit a reviewing court to ascertain the basis for the trial court's determination of the judgment debtor's net worth. *In re Smith*, 192 S.W.3d 564, 568 (Tex. 2006). In this case, the trial court made findings regarding the appropriate security based upon the amount of the judgment, but failed to make factual findings of the judgment debtor's net worth and the factual determination of the judgment debtor's net worth. The trial court's failure to make the required findings prevents this Court from properly reviewing the trial court's order. *See id.*; *see also* Tex. R. App. P. 44.4.

Accordingly, on the Court's own motion, the appeal is abated and the case is remanded to the trial court for entry of the findings of fact that are required for a determination of new worth. *See* Tex. R. App. P. 24.2(c)(3); *see also* Tex. R. App. P. 44.4. A supplemental clerk's record containing the trial court's findings must be filed with the Court of Appeals by February 21, 2019. Execution on the judgment is stayed pending further order of this Court. *See* Tex. R. App. P. 24.4(c). Appellant's motion to review and reduce the supersedeas bond remains pending before the Court.

ORDER ENTERED February 1, 2019.

PER CURIAM

Before McKeithen, C.J., Horton and Johnson, JJ.