**Denied and Opinion Filed March 11, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-19-00293-CV

## IN RE STEVEN K. TOPLETZ, Relator

Original Proceeding from the 416th Judicial District Court
Collin County, Texas
Trial Court Cause No. 416-04120-2012

## MEMORANDUM OPINION

Before Justices Bridges, Osborne, and Carlyle
Opinion by Justice Bridges

This original proceeding arises from post-judgment discovery efforts in the underlying proceeding. Relator complains of a February 28, 2019 order requiring relator to produce certain documents and to pay $3,500.00 in attorney's fees by 5:00 p.m., March 11, 2019. The February 28 order requires relator to produce documents previously-ordered to be produced by the trial court in a June 27, 2018 order. In the February 28 order, the trial court ruled in part on the real party in interest's motion for contempt and other sanctions. The trial court, however, deferred ruling on the contempt portion of the motion and reset the show cause hearing for March 18, 2019. In this original proceeding, relator complains that the trial court abused its discretion by ordering relator to produce documents outside relator's possession, custody, or control and pay attorney's fees. Relator seeks a writ of mandamus ordering the trial court to vacate the February 28 order.

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*,

148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "An adverse ruling by the trial court is a fundamental prerequisite for any mandamus proceeding." *In re Rogers*, 200 S.W.3d 318, 324–25 (Tex. App.—Dallas 2006, orig. proceeding). No such ruling is present here. The February 28 order states that relator "is to produce to Plaintiff all documents ordered by the Court as per the [June 27, 2018 order]." The order does not, however, order relator to produce documents that are not within his possession, custody, or control. As such, mandamus relief is not available because there is not a clear, adverse ruling by the trial court to review. *See id.* (order to "produce the requested documents" within thirty days of the order contained "no such clear ruling on the issue of possession, custody, and control" of the documents). As for the fees award, relator has an adequate remedy by appeal. *See In re Smith*, 192 S.W.3d 564 (Tex. 2006) (party had adequate remedy by appeal for review of sanctions imposed for failing to respond to judgment creditors' requests for post-judgment discovery).

Based on the record before us, we conclude relator has not shown he is entitled to the relief requested. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

190293F.P05