**Affirmed and Memorandum Opinion filed June 25, 2019.**



**In the**

# 𝕱ourteenth 𝕮ourt of 𝕬ppeals

## NO. 14-18-00111-CV

### JACK COREY AND COREY SUPPLY, Appellants

**v.**

### JONATHAN L. RANKIN AND RAMS AVIATION COMPANY, INC., Appellees

**On Appeal from the 506th District Court
Grimes County, Texas
Trial Court Cause No. 31919**

## MEMORANDUM OPINION

Appellants Jack Corey and Corey Supply appeal the trial court's post-judgment order imposing monetary sanctions against them in connection with Corey's failure to appear at a deposition noticed by appellees, Jonathan L. Rankin and RAMS Aviation Company, Inc. ("RAMS"). In a single issue, Corey and Corey Supply contend the trial court abused its discretion in assessing sanctions. We affirm.

## I. BACKGROUND

Rankin and RAMS obtained a judgment against Jack Corey.[1] Rankin and RAMS sought to conduct a post-judgment deposition of Corey in an effort to collect the judgment. Rankin and RAMS repeatedly attempted to schedule the deposition by agreement, but Corey did not respond with available dates. Consequently, Rankin and RAMS served Corey with a deposition notice setting the deposition for September 20, 2017 at 10:00 a.m.

On September 19, 2017, the day before the scheduled deposition, Corey and Corey Supply paid cash into the court's registry in lieu of a bond, ceasing enforcement of the judgment. *See* Tex. R. Civ. P. 621a; Tex. R. App. P. 24.1. After 4:00 p.m. on the same day, Corey and Corey Supply informed Rankin and RAMS that the cash deposit had been made and, as a result, Corey would not appear for his deposition.

Rankin and RAMS moved to compel Corey's deposition, arguing that the cash paid into the court's registry was insufficient to supersede the judgment and suspend enforcement proceedings. In the same motion, Rankin and RAMS also moved for sanctions against Corey and Corey Supply pursuant to Texas Rule of Civil Procedure 215, specifically 215.1, for Corey's failure to appear at the deposition. *See* Tex. R. Civ. P. 215. In support of the request for sanctions, Rankin and RAMS attached to the motion an affidavit and a billing record showing they had incurred $1,340 in attorney's fees for four hours their attorneys spent preparing

---

[1] This case has been before us twice before. Corey and Corey Supply appealed the judgment, raising ten issues. *Corey v. Rankin*, No. 14-17-00752-CV, 2018 WL 5914531, at *1 (Tex. App.—Houston [14th Dist.] Nov. 13, 2018, no pet.) (mem. op.). We modified in part, reversed and remanded in part, and affirmed in part, the judgment as to Corey and Corey Supply. *Id.* at *14. We also denied Corey and Corey Supply's petition for writ of mandamus on the order at issue in this appeal. *In re Corey*, No. 14-17-01001-CV, 2018 WL 315440, at *1 (Tex. App.—Houston [14th Dist.] Jan. 5, 2018, orig. proceeding) (per curiam) (mem. op.).

for the deposition.

After a hearing, the trial court denied in part, and granted in part, Rankin and RAMS's motion. The trial court determined the judgment had been superseded[2] and denied the request to compel the deposition. However, the court granted the request for sanctions and ordered Corey and Corey Supply to pay $1,340 in sanctions.

## II.    ANALYSIS

Corey and Corey Supply argue the trial court abused its discretion by awarding sanctions because Corey and Corey Supply had superseded the judgment prior to the scheduled deposition. Corey and Corey Supply suggest that because they superseded the judgment before the deposition date, the deposition notice was no longer effective, and therefore, Corey's failure to appear for the deposition did not warrant sanctions pursuant to Rule 215.1.[3]

We review a trial court's imposition of sanctions for an abuse of discretion. *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (per curiam). Sanctions will be reversed only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *Id.*

_____

[2] Although there is no record of the hearing, and the trial court's written order does not state this determination, both parties represent in their appellate briefs that the trial court determined the cash paid into the court's registry was sufficient to supersede the judgment. *See* Tex. R. App. P. 38.1(g).

[3] Corey and Corey Supply do not ask us to further review whether the particular sanction awarded was unjust. *See Transamerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) ("In our view, whether an imposition of sanctions is just is measured by two standards. First, a direct relationship must exist between the offensive conduct and the sanction imposed . . . . Second, just sanctions must not be excessive."). However, based on our independent review of the record, we conclude that the sanction imposed by the trial court has a direct relationship to the improper conduct of Corey and Corey Supply and is not excessive. As discussed *infra*, the sanctions award was based on attorney's fees spent in preparation for the deposition that Corey refused to attend after Corey and Corey Supply acted to cease enforcement of the judgment the day before the scheduled deposition.

The trial court's order awarding sanctions did not refer to Rule 215.1 or track the language of Rule 215.1; thus, whether the sanctions were proper is not governed by Rule 215.1 alone. *See Am. Flood Research*, 192 S.W.3d at 583–84 ("The order imposing sanctions neither referred to a specific rule nor tracked the language of any particular rule; thus, . . . whether the trial court properly sanctioned [attorney] is not governed by Rule 215.3 alone."). Although Rankin and RAMS's motion specifically references sanctions under Rule 215.1(b) in addition to generally referencing Rule 215, we conclude that the motion and arguments presented were sufficiently broad for us to affirm the trial court's sanctions order under Rule 215.3.[4] *See Oliver v. Smith Int'l, Inc.*, No. 14-11-00276-CV, 2011 WL 5056422, at *2 & n.5 (Tex. App.—Houston [14th Dist.] Oct. 25, 2011, no pet.) (mem. op.) (concluding motion and arguments were broad enough to affirm sanctions under Rule 215.3 although movant specifically referenced Rule 215.1(b)(2)(A)). Rule 215.3 provides that the trial court may impose sanctions "[i]f the court finds a party is abusing the discovery process in seeking, making, or resisting discovery."

In their motion, Rankin and RAMS argued that Corey and Corey Supply were abusing the discovery process by resisting discovery. Rankin and RAMS asserted that they made "multiple attempts" to schedule the post-judgment deposition by agreement but their efforts were "completely ignored." Rankin and RAMS also asserted that, "[d]espite knowing Rankin[ and RAMS's] intent to proceed with collection of the judgment entered against Defendants for months, Defendants waited over six weeks, until the day before the scheduled deposition to take any action with respect to the Notice of Deposition." Rankin and RAMS

---

[4] We need not address whether the trial court's sanctions order was also appropriate under Rule 215.1(b) or whether the filing of cash in lieu of bond relieved Corey of his obligation to appear for the deposition. *See* Tex. R. App. P. 47.1.

complained that "Defendants . . . only notified Rankin [and RAMS] late in the afternoon the day before the scheduled deposition that they would not be present." Rankin and RAMS also pointed out in their motion that Corey and Corey Supply did not file a motion for protective order or motion to quash in response to the deposition notice.

Rankin and RAMS also presented evidence supporting Rule 215.3 sanctions against Corey and Corey Supply. As an exhibit to the motion, Rankin and RAMS attached the certificate of non-appearance from the deposition in which counsel for Rankin and RAMS testified under oath that his efforts to schedule the deposition by agreement were ignored, that the deposit was made into the court's registry at 10:21 a.m. on September 19, 2017, and that counsel for Corey and Corey Supply did not inform him until 4:18 p.m. that the deposit had been made "and they refused to produce the witness as a result."

In their written response to the motion, Corey and Corey Supply provided no explanation or rebuttal to these allegations. Nor did they dispute the supporting evidence or present any conflicting evidence.

On appeal, Corey and Corey Supply argue that the trial court abused its discretion in awarding sanctions because the trial court found "no discovery misconduct." The record does not support this argument. Nowhere in the record is there a conclusion by the trial court that Corey and Corey Supply engaged in "no discovery misconduct." The record shows Corey and Corey Supply refused to schedule the deposition by agreement. The record shows Corey and Corey Supply did not make their cash deposit in lieu of bond until one day before Corey's deposition. In addition, the record shows they did not inform Rankin or RAMS of the deposit until late afternoon prior to the deposition, which was scheduled to take place in the morning. Corey and Corey Supply did not and do not dispute these

5

facts. Considering these circumstances, the trial court could have reasonably found that Corey and Corey Supply were abusing the discovery process by resisting discovery. *See In re Smith*, 192 S.W.3d 564, 569 (Tex. 2006) ("The trial court's conclusion that [judgment debtors] were attempting to avoid answering post-judgment enforcement discovery by filing the cash deposits in lieu of bond and affidavits of net worth was reasonable."). We cannot conclude that the trial court abused its discretion in awarding sanctions.

We overrule Corey and Corey Supply's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.


/s/     Charles A. Spain
        Justice

Panel consists of Justices Wise, Zimmerer, and Spain.