

# NUMBER 13-19-00143-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

POPPINGFUN, INC.,                                                    Appellant,

v.

INTEGRACION DE MARCAS, S.A. DE C.V.,                      Appellee.

On appeal from the 131st District Court
of Bexar County, Texas.

# ORDER

**Before Justices Benavides, Longoria, and Tijerina**
**Order Per Curiam**[1]

Pending before the Court is a motion filed by appellant, Poppingfun, Inc., to review

the trial court's order setting the supersedeas bond at $52,561.11. *See* TEX. R. APP. P.

---

[1] This appeal was transferred to this Court from the Fourth Court of Appeals by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 22.220(a) (delineating the jurisdiction of appellate courts); *id.* § 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

24.4. We deny appellant's motion.

## I. FACTUAL AND PROCEDURAL SUMMARY

Appellee, Integracion de Marcas, S.A. de C.V., filed suit against appellant alleging various causes of action based on appellee's claim that appellee received damaged goods from appellant. The trial court granted summary judgment in favor of appellee and awarded appellee $69,669.87 in damages and $17,545.00 in attorney's fees, plus court costs and interest. Appellant filed a notice of appeal and a notice of filing cash deposit in lieu of supersedeas bond in the amount of $1.00. *See Id.* 24.1(a)(3). Appellant attached the affidavit of Lynn A. Hesson, president and chief executive officer of Poppingfun, Inc., stating appellant has a negative net worth. In that affidavit, Hesson listed total liabilities of $2,087,172.99 and assets totaling $239,599.83 for a negative net worth of $1,847,573.16. Appellee filed a motion to strike appellant's cash deposit and appellant responded, attaching additional evidence including, inter alia, excerpts from Hesson's post-judgment deposition and appellant's balance sheets from 2017 and 2018. Appellee then filed a brief in support of its motion to strike.

The trial court held a hearing on February 28, 2020 and took the matter under advisement. The trial court ordered appellee to serve appellant with any post-judgment discovery requests, ordered appellant to respond to said requests, and scheduled a follow-up hearing for April 29, 2020. The day before the trial court held a follow up hearing, appellant filed a "Supplement in Support of its Cash Deposit," attaching a supplemental affidavit of Hesson and its 2019 federal income tax return, which appellant contends shows a net worth of "negative $1.726 million." Appellee responded with a supplemental

2

brief the next day, prior to the hearing. The hearing was conducted via Zoom, and the trial court gave appellant permission to respond to appellee's supplemental brief and took the matter under advisement. Appellant filed a response, and subsequently, on July 7, 2020, the trial court signed an order granting appellee's motion to strike and ordered appellant to make a cash deposit of $52,565.11.

Appellant filed a rule 24.4 motion for review of the trial court's order on supersedeas bond, asking this Court to vacate the order, among other relief. This Court stayed the trial court's July 7, 2020 order and remanded the matter to the trial court for entry of findings of fact regarding appellant's net worth and the taking of any additional evidence necessary. The trial court held a hearing and issued supplemental findings of fact and conclusions of law, ultimately arriving "at the net worth figure of $503,426.11. . ." finding that Hesson's affidavit was not true and correct. Appellant then filed an amended rule 24.4. motion for review.

## II.    NET WORTH

In its motion, appellant asserts that the trial court's order is erroneous because the trial court: (1) "imposed an erroneous burden of proof"; (2) rejected appellant's "affidavit of net worth as incompetent hearsay"; (3) required appellant's "affidavit of net worth to prove matters that are not required by rule 24"; (4) failed "to find that [appellant's] net worth is negative against the great weight and preponderance of the evidence"; and (5–6) rewrote appellant's balance sheet to increase the total assets and to reduce the total liabilities.

3

## A.     Standard of Review & Applicable Law

We review the trial court's determination of the amount of security for an abuse of discretion. *Tex. Custom Pools, Inc. v. Clayton,* 293 S.W.3d 299, 305 (Tex. App.—El Paso 2009, no pet.); *G.M. Houser, Inc. v. Rodgers,* 204 S.W.3d 836, 840 (Tex. App.—Dallas 2006, no pet.). If we conclude the trial court abused its discretion, we may order the amount of the security increased or decreased in an amount not to exceed the lesser of fifty percent of the judgment debtor's net worth or $25,000,000. TEX. R. APP. P. 24.4(a); TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(d).

In conducting this review, we engage in a two-pronged analysis: (1) did the trial court have sufficient information upon which to exercise its discretion; and (2) did the trial court err in its application of discretion? *Leibman v. Grand,* 981 S.W.2d 426, 429 (Tex. App.—El Paso 1998, no pet.). The traditional standards utilized to review sufficiency of the evidence come into play when considering the first question. *Id.* at 429–30. We then proceed to determine whether, based on the elicited evidence, the trial court made a reasonable decision, or whether it is arbitrary and unreasonable. *Id.* at 430. The question is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex. 1985). The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Leibman,* 981 S.W.2d at 430.

4

Under rule 24.1 of the Texas Rules of Appellate Procedure, a judgment debtor may supersede a judgment by (1) filing with the trial court clerk a written agreement with the judgment creditor for suspending enforcement of the judgment; (2) filing with the trial court clerk a good and sufficient bond; (3) making a deposit with the trial court clerk in lieu of a bond; or (4) providing alternate security ordered by the trial court. TEX. R. APP. P. 24.1. When the judgment is for money, the amount of the bond, deposit, or security must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. *Id*. 24.2(a)(1); TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a). However, the amount must not exceed the lesser of fifty percent of the judgment debtor's current net worth or $25,000,000. TEX. R. APP. P. 24.2(a)(1); TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(b).

Rule 24.2(c) sets forth the procedure for determining net worth. A judgment debtor who provides a bond, deposit, or security under rule 24.2(a)(1)(A) in an amount based on the debtor's net worth must simultaneously file an affidavit that states the debtor's net worth and states complete, detailed information concerning the debtor's assets and liabilities from which net worth can be ascertained. TEX. R. APP. P. 24.2(c)(1). The affidavit is prima facie evidence of the debtor's net worth. *Id.* A judgment creditor may file a contest to the debtor's affidavit of net worth. *Id*. 24.2(c)(2). Net worth is calculated as the difference between total assets and total liabilities as determined by generally accepted accounting principles. *Tex. Custom Pools, Inc.,* 293 S.W.3d at 305; *G.M. Houser, Inc.,* 204 S.W.3d at 840. At the hearing on the judgment creditor's contest, the judgment debtor has the burden of proving net worth. TEX. R. APP. P. 24.2(c)(3). The trial court is

required to issue an order that states the debtor's net worth and states with particularity the factual basis for that determination. *Id.* On the motion of a party, an appellate court may review the sufficiency or excessiveness of the amount of security. *Id*. 24.4(a); Tᴇx. Cɪv. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ Aɴɴ. § 52.006(d); *Tex. Custom Pools, Inc.,* 293 S.W.3d at 305; *G.M. Houser, Inc.,* 204 S.W.3d at 840.

## B.  Burden of Proof

Because appellant had the burden to prove its net worth, it must show the evidence conclusively establishes, as a matter of law, all vital facts in support of its position. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989); *Tex. Custom Pools, Inc.*, 293 S.W.3d at 306; *G.M. Houser, Inc.*, 204 S.W.3d at 840–41. In reviewing a "matter of law" challenge, the reviewing court must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Sterner*, 767 S.W.2d at 690. If there is no evidence to support the finding, the reviewing court will then examine the entire record to determine if the contrary proposition is established as a matter of law. *Id*. In conducting our review, we must consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *G.M. Houser, Inc.*, 204 S.W.3d at 841 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We must credit favorable evidence if a reasonable fact finder could and disregard contrary evidence unless a reasonable fact finder could not. *Id*. (citing *City of Keller*, 168 S.W.3d at 827; *Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 910 (Tex. App.—Houston [14th Dist.] 2005, no pet.)). Finally, we must determine whether the evidence before the trial court would enable reasonable and fair-

6

minded people to find the facts at issue. *G.M. Houser, Inc.*, 204 S.W.3d at 841. We also bear in mind that the fact finder is the sole judge of the credibility of the witnesses and the weight to give their testimony. *Id*.

Appellant contends that the trial court imposed an erroneous burden of proof by requiring it to conclusively establish any facts as a matter of law, as opposed to a preponderance of the evidence burden. However, the trial court's order specifically stated that it found appellant's net worth to be $503,426.11 "based on a preponderance of the evidence." While the trial court's order cites case law that "[t]o be 'complete' a Rule 24 affidavit must provide evidence that conclusively establishes, as a matter of law, all vital facts in support of its position," the trial court stated that its findings were based on the appropriate burden of proof, and we see no reason to disbelieve this assertion. *Sterner*, 767 S.W.2d at 690. Thus, we decline to find that the trial court imposed an erroneous burden of proof when its order explicitly applied the correct burden of proof. Appellant's first issue is overruled.

## C.     Hesson's Affidavit

In its second issue appellant complains that the trial court made the following erroneous finding of fact and conclusion:

> Further, the Court finds that [appellant] has failed to establish that its assets and liabilities as set forth in the 2019 Balance Sheet show its net worth as determined by generally accepted accounting principles ("GAAP"), as Texas law requires. *See, e.g., Ashmore*, 2016 WL 4437009, at *1; *Ramco*, 171 S.W.3d at 914. Although the Hesson Affidavit states that the 2019 Balance Sheet "was prepared in accordance with [GAAP]" it does not establish Mr. Hesson's qualifications to make that assertion and, therefore, is not competent evidence on the matter and [appellee's] hearsay objection to said testimony is sustained.

7

Appellant contends that (1) Hesson's affidavit is prima facie evidence of its net worth, and not hearsay; and (2) that it was not required to provide testimony from an accountant to prove its net worth. Further, by its third issue, appellant argues that the trial court required it to prove matters outside the scope of rule 24, specifically complaining of the trial court's finding that

> the Hesson Affidavit is not "complete" as Rule 24.2 requires in that it does not include underlying documents to support each asset and each liability in the 2019 Balance Sheet, provide appropriate testimony by an accountant or competent financial person, indicate any efforts by [appellant] to obtain a supersedeas bond, indicate that there are insufficient unencumbered assets to cover the cost of a bond, explain the impact on [appellant] of selling assets to acquire a bond or state the likelihood of insolvency or bankruptcy should assets be sold to acquire a supersedeas bond.

Appellee responds that the trial court found numerous defects in Hesson's affidavit and further, as is within its discretion, found the affidavit to be incomplete under rule 24.2(c)(1). *See* TEX. R. APP. P. 24.2(c)(1) ("A judgment debtor who provides a bond, deposit, or security under (a)(1)(A) in an amount based on the debtor's net worth must simultaneously file with the trial court clerk an affidavit that states the debtor's net worth and states complete, detailed information concerning the debtor's assets and liabilities from which net worth can be ascertained."). Appellee argues that even if this Court were to find that the trial court erred in its hearsay ruling, though appellee does not believe it did, the rejection of the affidavit would still be appropriate as it was "riddled with so many defects and shortcomings."

In his affidavit, Hesson averred in part that

> [t]he attached balance sheet was prepared in accordance with generally accepted accounting principles and provides complete and detailed information concerning [appellant's] assets and liabilities, from which its net

8

worth can be ascertained. As reflected in the balance sheet, [appellant] reports the following total amounts:

Total assets = $239,599.83
Total liabilities = $2,087,172.99
Net worth = (negative) $1,847,573.16

The trial court found that the affidavit did "not establish Mr. Hesson's qualifications to make that assertion and, therefore, is not competent evidence on the matter and [appellee's] hearsay objection to said testimony is sustained."

Appellee presented the trial court with contradictory evidence to discredit portions of appellant's balance sheet and to impeach Hesson's declaration of appellant's net worth. The trial court agreed with appellee, finding the balance sheet to have unsupported assertions for its assets and liabilities, and thus finding the affidavit incomplete. Also, the trial court found that while Hesson stated that the balance sheet was prepared in accordance with generally accepted accounted principles, there was no evidence or testimony to support his assertion, nor did appellant provide any "underlying documents to support each asset and each liability."

Although we agree with appellant that an affidavit meeting the requirements of rule 24.2(c)(1) is prima facie evidence of the debtor's net worth for the purpose of establishing the amount of the supersedeas bond, the rule also expressly provides that a judgment creditor may file a contest to the debtor's claimed net worth. *See* TEX. R. APP. P. 24.2(c)(2). And in order to constitute prima facie evidence, the affidavit must state "complete, detailed information concerning the debtor's assets and liabilities from which net worth can be ascertained." *Id*. 24.2(c)(1). The record reflects, and the trial court found, that appellant failed to offer complete and detailed information regarding its assets and

liabilities from which its net worth could be determined. Appellant's argument that the trial court imposed additional requirements that are not considered under rule 24 does not alter our finding that appellant failed to meet its burden of proof. The trial court, as the fact finder, found that Hesson's affidavit was unreliable, incomplete, and contained unsupported assertions. Again, we bear in mind that the fact finder is the sole judge of the credibility of the witnesses and the weight to give their testimony, and we defer to the trial court's finding of credibility in this matter. *G.M. Houser, Inc.*, 204 S.W.3d at 841. Therefore, appellant failed to meet his burden of proof. *See* TEX. R. APP. P. 24.2(c)(3) (debtor bears burden of proving net worth). Appellant's second and third issues are overruled.

### D.  Against the Great Weight and Preponderance of the Evidence

In its fourth issue, appellant complains that the trial court's failure to find a negative net worth was against the great weight and preponderance of the evidence. Having presented the trial court with Hesson's affidavits, balance sheets for three consecutive years, and its 2019 federal income tax return, as well as "tax liability statements issued by the IRS" and deposition testimony of Hesson, appellant argues that the trial court erred by not finding it has a net worth of "less than negative $1 million."

The trial court, however, explicitly found that the affidavit was incomplete, the balance sheets were inaccurate or heavily contested by appellee, and that the tax return was insufficient to establish net worth. We find that the trial court's order specifically recites the reasons for finding the debtor was not credible. It was reasonable for the trial court to question appellant's credibility "given the other evidence available for the court's

10

consideration" as we have discussed above. *See Bishop Abbey Homes, Ltd. v. Hale*, No. 05-14-01137-CV, 2015 WL 4456209, at *6 (Tex. App.—Dallas July 21, 2015, no pet.) (mem. op. on motion) (citing *Newsome v. North Texas Neuroscience Center, P.A.*, No. 08–09–00025–CV, 2009 WL 3738504 (Tex. App.—El Paso Nov. 9, 2009, no pet.) (mem. op. on motion)). The trial court's order "states with particularity the factual basis" for its determination, as required by rule 24.2(c)(3). *See In re Smith*, 192 S.W.3d 564, 568 (Tex. 2006) (explaining that the trial court must state with particularity the factual basis for its determination of net worth so that an appellate court may "ascertain the basis for that determination"). The evidence supports the trial court's ruling. If a party is attacking the factual sufficiency of an issue upon which it had the burden of proof, it must demonstrate that the adverse finding is against the great weight and preponderance of the evidence. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983); *Marrs and Smith Partnership v. D.K. Boyd Oil and Gas Co., Inc.*, 223 S.W.3d 1, 14 (Tex. App.—El Paso 2005, pet. denied). In reviewing a factual sufficiency issue, we must first examine the record to determine if there is some evidence to support the finding; if so, then we must determine whether the failure to find is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Tex. Custom Pools, Inc.*, 293 S.W.3d at 306. Here, appellant has failed to establish that there is no evidence to support the trial court's ruling, or that the ruling was against the great weight and preponderance of the evidence. *See Newsome*, 2009 WL 3738504, at *5. The trial court did not abuse its discretion in setting the amount of the bond in accordance with § 52.006(a) and rule 24.2(a)(1). *See* TEX. CIV. PRAC. &

REM. CODE ANN. § 52.006(d); TEX. R. APP. P. 24.2(c)(2). We overrule appellant's fourth issue.

**E.     Altering the Balance Sheet**

In its fifth and sixth issues, appellant argues that the trial court erred in altering the balance sheets by increasing appellant's total assets and reducing appellant's liabilities. As mentioned above, pursuant to rule 24.2(c)(3), "[t]he trial court must issue an order that states the debtor's net worth and states with particularity the factual basis for that determination." TEX. R. APP. P. 24.2(c)(3). While appellee correctly discusses that some Texas appellate courts have acknowledged the impossibility of this requirement, in this case, the trial court was ordered to assess appellant's net worth. The trial court was presented with multiple balance sheets as well as additional information from appellant. The same evidence presented by appellant was directly refuted and countered by appellee, including specific line items in the balance sheets. The trial court had sufficient information upon which to exercise its discretion and did not err in its application of that discretion in this case. *See Leibman*, 981 S.W.2d at 429. Bearing in mind that the fact finder is the sole judge of the credibility of the witnesses and the weight to be given their testimony, we conclude that the trial court's decision was neither arbitrary nor unreasonable. *G.M. Houser, Inc.*, 204 S.W.3d at 841. We find that the trial court did not abuse its discretion because the trial court did not act without reference to any guiding rules or principles. *See Downer*, 701 S.W.2d at 241–42. We overrule appellant's fifth and sixth issues.

### III. CONCLUSION

We DENY appellant's motion to vacate the trial court's order.

PER CURIAM

Delivered and filed the
29th day of December, 2020.